# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

    v.                Criminal Action No. 1:06CR81

**WILBERT GRADY LEE, JR.**
a/k/a "Griz,"
   **Defendant.**

## REPORT AND RECOMMENDATION/OPINION

  This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Wilbert Grady Lee, Jr., in person and by counsel, James Zimarowski, appeared before me on December 7, 2006. The Government appeared by Shawn Angus Morgan, its Assistant United States Attorney.

  Defendant was placed under oath.

  Thereupon, the Court proceeded with the Rule 11 proceeding by asking Defendant's counsel what Defendant's anticipated plea would be. Counsel responded that Defendant would enter a plea of "Guilty" to Count Four of the Indictment. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Defendant stated that the Government's summary of the Plea Agreement was correct. The Court ORDERED the written Plea Agreement filed.

  Thereupon, the Court proceeded with the Rule 11 proceeding by inquiring of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III

Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Wilbert Grady Lee, Jr., only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court.

The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned then inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned then reviewed with Defendant Count Four of the Indictment, the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count Four of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of

Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him and understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a term of at least one year but not more than forty (40) years; understood the maximum fine that could be imposed was $2,000,000.00; understood that both fine and imprisonment could be imposed; understood he would be subject to a period of at least six (6) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release.

Defendant also understood that no one could predict what his actual sentence would be because his actual sentence would not be calculated by the District Judge until after a pre-sentence report was prepared and a sentencing hearing conducted.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement dated October 30, 2006, and signed by him on November 8, 2006, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Four of the Indictment, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further

order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations and stipulation contained in the written agreement; may reject all or any portions of the same and sentence Defendant to a sentence that could be more severe than the sentence he would have received had the Judge accepted the non-binding recommendations, all without permitting Defendant to withdraw his plea of guilty. The undersigned Magistrate Judge further addressed the stipulation contained in the written plea bargain agreement, which provides:

> Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree that, on or about June 26, 2006, at or near Clarksburg, Harrison County, West Virginia, the defendant, unlawfully, knowingly and intentionally distributed approximately 1.82 grams of cocaine base, also known as "crack" within 1000 feet of the Monticello Avenue Playground. The parties further stipulate and agree that the defendant's total relevant conduct in this case is at least 150 grams but less than 500 grams of cocaine base, some of which was within 1000 feet of a protected location and that a 2-level enhancement applies, pursuant to §2D1.1(b)(1), for defendant's possession of firearms.

The undersigned then advised Defendant, counsel for Defendant, and counsel for the United States, and determined that the same understood that the Court is not bound by the above stipulation and is not required to accept the above stipulation, and that should the Court not accept the above stipulation, Defendant would not have the right to withdraw his plea of Guilty to Count Four of the Indictment.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, in the event the District Court Judge rejected Defendant's plea of guilty, Defendant would be permitted to withdraw his plea and proceed to trial. However, Defendant was again advised if the District Court Judge accepted his plea of guilty to the felony charge contained in Count Four of the Indictment, Defendant would not be permitted to withdraw his guilty plea even if the Judge refused to follow the non-binding recommendations and stipulation contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

The undersigned Magistrate Judge further examined Defendant with regard to his understanding of the impact of his conditional waiver of his appellate rights as contained in the written plea agreement, and determined he understood those rights and voluntarily gave them up pursuant to the expressed condition as part of the written plea agreement.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The undersigned then reviewed with Defendant Count Four of the Indictment, including the elements the United States would have to prove at trial, charging him with distribution of crack cocaine within 1000 feet of Monticello Avenue Playground, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 860.

The Court then received the sworn testimony of Brian Purkey and Defendant's under-oath allocution to or statement of why he believed he was guilty of the charge contained in Count Four of the Indictment.

Brian Purkey testified he is an officer with the City of Bridgeport Police Department assigned as Commander of the Harrison/Lewis County Drug and Violent Crimes Task Force. He was involved in the investigation of Defendant. The investigation included a series of controlled buys from Defendant. On June 26, 2006, a controlled buy took place inside the Vets Club on Monticello Avenue in Harrison County, West Virginia. The Vets Club is within 1000 feet of the Monticello Avenue Playground, which at the time contained three or more separate apparatuses. On that date Defendant facilitated a crack deal with an unknown female and a confidential informant for $250.00.

The substance was sent to the West Virginia State Police Laboratory, where it was determined to be 1.82 grams of cocaine base. A digital recording of the controlled purchase was made.

The defendant stated he did not disagree with any of Officer Purkey's testimony. Thereupon, Defendant, Wilbert Grady Lee, Jr., with the consent of his counsel, James Zimarowski, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count Four of the Indictment.

The following colloquy then took place between the Court and Defendant:

Ct: Tell me what, in your own words, sir, you did on or about that date which makes you believe you are guilty of that offense?

Def: I can't even remember the date.

Ct: Well, if you can't remember the date, then why are you pleading guilty to that offense?

(Pause)

Ct: Can you answer that?

| | |
|---|---|
| Def: | That's what they put in the plea agreement. I don't know. |
| AUSA: | I'm sorry, I couldn't hear him. |
| Ct: | I couldn't hear it either. |
| Def: | That's what was in the plea agreement - - but I don't - - I mean, I can't really remember none of these [inaudible]. They say they have video and whatever. I never seen none. |
| Ct: | Well, did you view the videos, sir? |
| Def: | No, sir. |
| Ct: | Did you review any of the transcripts of the video with your attorney? |
| Def: | Yes . . . transcripts. I never seen the video at all. |
| Ct: | Based on the transcripts . . . |
| Def: | I mean, my lawyer told me it was me on the video, so . . . . |
| Ct: | Are you saying that you were not on the video? |
| Def: | I'm saying I didn't see the video. |
| Ct: | Are you saying you don't . . . you didn't do that which is described in the video and you didn't do that which is charged against you in Count Four? |
| Def: | No, I already said I pleaded guilty to it. |
| Ct: | Well, pleading guilty is saying that you're guilty of the charge. I asked you what you did and you say you can't even remember the date. |
| Def: | I can't. I can't honestly remember the date. |
| Ct: | Can you remember giving somebody else cocaine base in the Vets Club? |
| Def: | Yes. |

| | |
|---|---|
| Ct: | Would it have been some time in June 2006? |
| Def: | Yeah, it could have been, yes. |
| Ct: | In entering your plea you're not relying on what your attorney told you he saw on the video, are you? In other words, that isn't the only basis for you entering your guilty plea, is it? |
| Def: | I really don't know. I mean the whole thing's possible. |
| Ct: | Well, Mr. Lee, you're the man in from of me. You're the man who is charged . My question is fairly simple. Is it your decision to plead guilty or is your decision to plead guilty your attorney's will imposed on you? |
| Def: | No, it was my decision to plead guilty. |
| Ct: | And do you believe you are guilty of the charge you just pled guilty to in front of me? |
| Def: | Yes. |

From the testimony of Officer Purkey, the undersigned Magistrate Judge concludes the offense charged in Count Four of the Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense. This conclusion is supported by Defendant's allocution and the parties' stipulation.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; Defendant understood the charges against him, not only as to the Indictment as a whole, but in particular as to Count Four of the

Indictment; Defendant understood the consequences of his plea of guilty; Defendant made a knowing and voluntary plea; and Defendant's plea is supported by the testimony of Officer Brian Purkey as well as Defendant's own allocution and the parties' stipulation.

The undersigned Magistrate Judge therefore **RECOMMENDS** Defendant's plea of guilty to the felony charge contained Count Four of the Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report, and that the Defendant be adjudged guilty on said charge as contained in Count Four of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

Defendant is remanded to the custody of the United States Marshal pending further proceedings in this matter.

The Clerk of the Court is directed to send a copy of this Report and Recommendation to

counsel of record.

    Respectfully submitted this 8th day of December, 2006.

                      **/s** *John S. Kaull*

                        JOHN S. KAULL
                        UNITED STATES MAGISTRATE JUDGE